UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUTTON,<br><br>　　　　Appellant,<br><br>　　v.<br><br>EAGLE VISTA EQUITIES LLC,<br><br>　　　　Appellee. | Case No. 19-cv-03880-EMC<br><br>**ORDER GRANTING APPELLANT'S REQUEST THAT DOCUMENT BE ACCEPTED DESPITE LATE FILING, AND GRANTING APPELLANT'S MOTION FOR EXTENSION OF TIME**<br><br>Docket Nos. 7, 11 |

## I.　　INTRODUCTION

Eve Sutton filed suit against Eagle Vista Equities LLC ("Eagle Vista") and Wedgewood, Inc. ("Wedgewood") alleging wrongful foreclosure and seeking a judgment quieting title to the property in her name. Bankruptcy Court Judge Hannah L. Blumenstiel granted summary judgment for Eagle Vista and Wedgewood, and Ms. Sutton appealed. Currently before the Court are (1) Ms. Sutton's request that her untimely filed Designation of Record and Statement of Issues on Appeal be accepted, and (2) Ms. Sutton's Motion for an Extension of Time.

## II.　　BACKGROUND

On September 27, 2018, Eve Sutton filed suit against Eagle Vista, Wedgewood, and Bank of the West in Bankruptcy Court in the Northern District of California.[1] Notice of Appeal from Bankuptcy Court ("Notice") at 2, Docket No. 1. As part of that suit, Ms. Sutton alleged wrongful

---

[1] In its Order Granting Summary Judgment, the Bankruptcy Court indicated that it would issue an order "requiring Ms. Sutton to appear and show cause as to why this adversary proceeding should not be dismissed as to Defendant Bank of the West, N.A., whose only connection to this action appears to be the fact that it lent Eagle Vista the funds used to purchase the Property at the foreclosure sale." SJ Order at 30.

foreclosure by Eagle Vista Equities LLC ("Eagle Vista") and Wedgewood, Inc ("Wedgewood"). *See* Order Granting Summary Judgment in Favor of Eagle Vista Equities LLC And Wedgewood, Inc. ("SJ Order") at 26–27, Docket No. 1-2. She also sought cancellation of "the Trustee's Deed that conveyed the Property to Eagle Vista or . . . a judgment quieting title to the Property in her name." *Id.* at 27. On June 28, 2019, Judge Blumenstiel granted summary judgment in favor of Eagle Vista and Wedgewood on the issues of wrongful foreclosure and quieting of the title to the property. *Id.* at 1, 29.

On July 5, 1019, Ms. Sutton "appeal[ed] under 28 U.S.C. §158(a) from the Order Granting Summary Judgment in Favor of Eagle Vista Equities LLC." Notice at 1. On August 6, 2019 the Bankruptcy Court issued a Notice of Incomplete Record on Appeal, indicating that no Designation of the Record or Statement of Issues had been filed. *See* Docket No. 6. Rule 8009 of the Federal Rules of Bankruptcy Procedure requires that an appellant "file and serve the designation and statement within 14 days after . . . the appellant's notice of appeal as of right becomes effective under Rule 8002." Fed. R. Bankr. P. 8009(a)(1). On August 7, 2019, counsel for Ms. Sutton filed a Designation of Record and Statement of Issues on Appeal. *See* Docket No. 7 ("DRSI"). As part of that filing, counsel included a "Request That Document Be Accepted Despite Late Filing." *Id*. A copy of the filing was served on the parties by U.S. Mail. *Id.* at 8.

On September 19, 2019, Ms. Sutton also filed an ex parte motion for "an extension of time to file her Opening Brief and Excerpts of Record." *See* Ex Parte First Motion for Extension of Time to File Excerpts of Record and Opening Brief ("Mot.") at 1, Docket No. 11.[2] In this Court's Scheduling Order from July 8, 2019, the Court ordered that Appellant's brief would be due "no more than 30 days after docketing of notice that the record has been transmitted or is available electronically on the District Court's docket." Notice of Filing of Appeal and Scheduling Order, Docket No. 2. Ms. Sutton requests "an extension of time until Friday, November 1, 2019 to file

---

[2] Ms. Sutton explains that "[t]his motion is being made on an *ex parte* basis since Ms. Sutton will sustain irreparable injury by being denied an opportunity to be heard if she was required to make this motion as a formally noticed motion." Mot. at 1–2. However, no explanation of the irreparable injury is made, and it does not appear that the request is timely because the record has not been transmitted to the district court. The document was served on the parties through ECF. *Id.* at 3.

2

1  Appellant's Opening Brief and Request for Stay on Appeal." Mot. ¶ 8. However, the record has
2  not yet been transmitted to the Court (and the Court has been informed that the record will not be
3  transmitted unless it issues a ruling granting Ms. Sutton's request that her Designation of Record
4  and Statement of Issues be accepted despite their late filling).

5  There is also an Unlawful Detainer action currently pending before Judge Gerald
6  Buchwald in the San Mateo Superior Court (Action CLJ 211439). *See* Mot. ¶ 3. That case is
7  separate from—but related to—the Wrongful Foreclosure case on appeal in this Court. On July
8  28, 2019, Eagle Vista asked the San Mateo Superior Court to grant it immediate possession of the
9  property, while Ms. Sutton's request for a stay pending appeal was set for hearing before Judge
10 Blumenstiel on August 15, 2019. *Id.* ¶ 4–5. Eagle Vista's request for immediate possession was
11 denied, and Judge Blumenstiel subsequently denied Ms. Sutton's request for a stay pending
12 appeal. *Id.* Eagle Vista then renewed its request for possession in light of Judge Blumenstiel's
13 decision, and Judge Buchwald "concluded that Ms. Sutton was entitled to a stay pending the
14 appeal to [the district court] of the decision of Judge Blumenstiel." *Id.* ¶ 6. As a condition of that
15 stay, Ms. Sutton must pay $2,000 per month in rent to Eagle Vista; a further hearing has been set
16 in the San Mateo court for December 16, 2019 so that the parties can update Judge Buchwald of
17 the status of this appeal. *Id.*

### III. DISCUSSION

A. Legal Standard

20 "An appellant's failure to take any step other than the timely filing of a notice of appeal
21 does not affect the validity of the appeal, but is ground only for the district court or [Bankruptcy
22 Appellate Panel] to act as it considers appropriate, including dismissing the appeal." Fed. R.
23 Bankr. P. 8003. Typically, "[a] procedural violation of a bankruptcy rule alone is an insufficient
24 basis for granting a motion to dismiss an appeal." *Abrahams v. Hentz*, No. 12CV1560-GPC-BGS,
25 2013 WL 3147732, at *7 (S.D. Cal. June 18, 2013), *aff'd sub nom. In re Abrahams*, 601 F. App'x
26 570 (9th Cir. 2015) (citing *Fitzsimmons v. Nolden,* 920 F.2d 1468, 1472 (9th Cir.1990)).

27 The court may enlarge the time "on motion made after the expiration of the specified
28 period . . . where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b).

The Supreme Court has "adopted a four-factor equitable test for determining what constitutes excusable neglect: [1] the danger of prejudice to the non-moving party, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Baldwin v. United States*, 823 F. Supp. 2d 1087, 1113–14 (D. N. Mar. I. 2011) (internal quotations and brackets omitted) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993)).

B.  Request That Document Be Accepted Despite Late Filling

1.  Prejudice

Eagle Vista Equities LLC has failed to establish prejudice. Notably, Eagle Vista and Wedgewood filed a "Designation of Additional Items to Be Included in the Record on Appeal" on August 16, 2019, after Ms. Sutton had filed her Designation of Record and Statement of Issues. *See* Docket No. 7. That filing demonstrates that Eagle Vista and Wedgewood had an adequate opportunity to respond to Ms. Sutton's filing.

2.  Length of Delay

Here, Ms. Sutton appealed on July 5, 2019, Notice at 1, and she had 14 days from that date to file and serve the designation and statement, Fed. R. Bankr. P. 8009(a)(1). Thus, the Designation of Record and Statement of Issues should have been filed on or before July 19. Ms. Sutton filed these required documents on August 7, 2019, three weeks after they were due. Courts have accepted much longer delays in an effort to provide parties with decisions on the merits. *See, e.g.*, *Cheng v. Osterback*, No. 2:15-CV-01617-TLN, 2016 WL 10675828, at *1 (E.D. Cal. Mar. 10, 2016), *aff'd sub nom. In re Cheng*, 698 F. App'x 383 (9th Cir. 2017) (treating a delay of "almost six months past the original deadline" as timely in order "to provide Appellants with a decision on the merits"). The relatively short delay at issue here counsels in favor of accepting the late submission.

3.  Reason for Delay

Counsel explains he "mistakenly believed that the time for filing this Designation of Record on Appeal and related Statement of Issues would not begin until the Court heard and

1 decided the related Motion for Stay [which was to be heard by Judge Blumenstiel on August 15,
2 2019]." *Id.* ¶ 3.[3] Because Ms. Sutton first filed her Motion to Stay Pending Appeal on July 16,
3 2019, *see* Motion to Stay Pending Appeal, Docket No. 44 (in Bankruptcy Court Case #18-03061),
4 just before the Designation of Record and Statement of Issues were due, the Court finds it
5 reasonable—particularly in light of counsel's assertion that "[t]he US District Court judge hearing
6 the appeal will not have the full picture related to the case until the Court resolves the Motion for
7 Stay/Injunction pending appeal," DRSI at 6—that counsel believed time for filing the required
8 appellate documents would not begin until the Court decided the related Motion for Stay.

4. Good Faith

Because counsel for Ms. Sutton moved expeditiously when notified by the Court of the missing documents, because the late filing appears to be the result of a mistaken understanding, and because it does not appear that counsel misrepresented their reasons for filing late, the Court concludes that counsel did act in good faith. *See, e.g.*, *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (finding good faith where attorney relied on a calendaring mistake); *Baldwin*, 823 F. Supp. 2d at 1119 (finding good faith where "counsel acted quickly . . . after realizing her mistake")

The Court thus finds no reason to reject Ms. Sutton's untimely filed Designation of Record and Statement of Issues on Appeal. The Court **GRANTS** Appellant's request that the document be accepted.

C. Motion for Extension of Time

The Court now turns to Appellant's request for "an extension of time until Friday, November 1, 2019 to file Appellant's Opening Brief and Request for Stay on Appeal." Mot. ¶ 8.

---

[3] Counsel also explains that "Judge Blumenstiel ordered [Glen Moss] to secure an ECF number in the Bankruptcy Court," because the "ECF numbers provided to [him] by the US District Court for Northern California and the Ninth Circuit were insufficient." DRSI ¶ 1. He acquired an ECF number for Bankruptcy Court on July 29, 2019. *Id.* Although he does not explain the importance of this information, it seems possible that he includes it because he would have been notified of the deadline for filing the Designation of Record and Statement of Issues on Appeal had he possessed an ECF number earlier. However, in Ms. Sutton's subsequent motion (Docket No. 11), counsel explains that Dean Lloyd (co-counsel for Ms. Sutton) had ECF access for the Bankruptcy Court. *See* Mot. ¶ 2. Thus, it is unclear whether ECF access contributed to Ms. Sutton's delay in filing.

5

As it will take some time for the record to be transmitted to the Court, the Court **GRANTS** Appellant's Motion for an Extension of Time.

### IV. <u>CONCLUSION</u>

For the forgoing reasons, the Court **GRANTS** Appellant's request that the Designation of Record and Statement of Issues on Appeal (Docket No. 7) be accepted. The Court **GRANTS** Appellant's Motion for an Extension of Time. Her opening brief shall be due **November 1, 2019.**

This order disposes of Docket Nos. 7 and 11.

**IT IS SO ORDERED**.

Dated: September 25, 2019

_____
EDWARD M. CHEN
United States District Judge